**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & C Enterprises, Inc., d/b/a As Is Arizona an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Raymond Srour, d/b/a El Mundo and d/b/a Canal Wholesale Distribution, and Jane Doe Srour, husband and wife, et al.,<br><br>Defendants. | No. CV11-02389-PHX-DGC<br><br>**ORDER** |

Defendants filed a motion to dismiss for improper venue or, alternatively, for change of venue. Doc. 9. Plaintiff opposes. Doc. 10. The motions have been fully briefed. For the reasons that follow, the Court will deny both motions.[1]

**I.   Background.**

Sometime around July 2009, Plaintiff contacted Raymond Srour to discuss a potential financing relationship. Doc. 10 at 4. During this conversation the parties discussed general terms in which Plaintiff would be willing to provide financing to Defendants. *Id.* Between July 2009 and January 2010, Plaintiff made six separate loans to Defendants. *Id.* at 5. Throughout this time Defendants made fifteen payments to Plaintiff's bank in Arizona by wire transfer. *Id.* Plaintiff claims that additional money is

---

[1] The parties' requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

owed by Defendants.

## II. Motion to Dismiss for Improper Venue.

A diversity action may be brought in any venue that meets the criteria of 28 U.S.C. § 1391(a):

> (a) A civil action wherein jurisdiction is founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). There is a strong presumption in favor of the plaintiff's choice of forum. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000).

### A. Venue is Proper Under 28 U.S.C. § 1391(a)(2).

Venue is proper in this district under § 1391(a)(2) if a "substantial part" of the events giving rise to the suit occurred in Arizona. The parties' dealings in this case were largely oral. Plaintiff made loans to Defendants while Plaintiff was located in Arizona. Defendants, located primarily in New York, used the loans for transactions around the country. In addition to the fact that Plaintiff made loans from Arizona, other events touched this State. Defendant Raymond Srour initiated contact with Plaintiff through a Macy's representative. Doc. 10 at 6. Defendants directed communications about the business relationship to Arizona, including solicitations for new financing. *Id.* Defendants caused invoices to be sent to Plaintiff in Arizona. Doc. 10 at 7. Defendants made payments to Plaintiff in Arizona. *Id.* Given these facts, the Court concludes that a substantial part of the events giving rise to the suit occurred in Arizona. *See Multi-Media Intern., LLC v. Promag Retail Servs.*, 343 F. Supp. 2d 1024. 1033-34 (D. Kan. 2004) ("The contacts in this case consist entirely of oral, written, and electronic communications between both parties. Even if it is true that a substantial part of the

events giving rise to Plaintiff's claim occurred in California, it is equally true that a substantial part of the events surrounding Plaintiff's claim occurred in Kansas.) (citing *Etienne v. Wolverine Tube, Inc.*, 12 F. Supp. 2d 1173, 1181 (D. Kan. 1998) (concluding that a substantial part of the relevant conduct took place in Kansas because "the primary events giving rise to this [breach of contract] action … occurred by means of communications between … two states," and "to the extent that [the] events occurred anywhere, they occurred almost as much in Kansas as in Alabama")). Because § 1391(a)(2) is satisfied, Defendants' motion to dismiss is denied.

### III.  Motion to Transfer the Action for the Convenience of the Parties.

Defendants move in the alternative to transfer this action to New York.[2] Even where venue is proper, a court may transfer a civil action to another district "for the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). The Court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In *Jones*, the Ninth Circuit provided the following list of non-exclusive factors to consider:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiffs choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Id.* at 498-99. Defendants have the burden of demonstrating that transfer is appropriate, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-256 (1981), and "must make a strong

---

[2] Although the Plaintiff failed to address the motion to transfer in its response brief, the response brief and supporting affidavits are sufficient to allow the Court to determine the appropriateness of this motion.

- 3 -

showing of inconvenience to warrant upsetting the plaintiff's choice of forum," *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

After considering these factors, the Court will deny Defendant's motion to transfer. The party's negotiations occurred over the telephone and Internet; there is no mention of documents signed or recorded in either Arizona or New York.  As a resident of Arizona, Plaintiff has strong contacts here and Arizona is most familiar with Plaintiff's state law claims.  The financing relationship between the parties allegedly created a continuing obligation for Defendants to make payments to Plaintiff in Arizona, and the Court has identified above a number of contacts Defendants initiated with Arizona.  (It is also noteworthy that Defendants do not challenge the fact that they are subject to personal jurisdiction here.)  While the costs associated with maintaining a suit in Arizona may be higher for Defendants (Doc. 9 at 6; Doc. 13 at 4), Plaintiff would face the same burden if this suit were transferred to New York. (Doc. 10 at 10).  Finally, although some witnesses are located in New York, they appear to be employees of Defendants who likely would be amendable to travelling here for trial.  If not, the parties could preserve their testimony through depositions.[3]

"A court should not lightly disturb a plaintiff's choice of forum." *Holder Corp. v. The Main Street Distrib., Inc.,* No. CV-86-1285 PHX RCB, 1987 WL 14339, at *8 (D.Ariz. Jan.16, 1987) (citing *N. Acceptance Trust v. Gray,* 423 F.2d 635, 654 (9th Cir.1970)).   Defendants "must make a strong showing of inconvenience to warrant

---

[3] Defendants attach to their reply memorandum a declaration of Defendant Srour setting forth facts relevant to the § 1404(a) claim.  Materials submitted for the first time with a reply memorandum will not be considered by the Court because the opposing party has not had a fair opportunity to respond. *See Bach v. Forever Living Prods. U.S., Inc.,* 473 F. Supp. 2d 1110, 1122 n. 6 (W.D. Wash. 2007) (citing *Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 843 n. 6 (9th Cir. 2004).

upsetting [Plaintiff's] choice of forum." *Decker Coal,* 805 F.2d at 843. The Court concludes that Defendants have not met this burden.

### IV. Improper Removal.

Plaintiff's response addresses potential problems with Defendants' removal of this case from Arizona state court – some defendants did not join the removal or file a written consent to removal. Doc. 10 at 3. Failure of all Defendants to join a notice of removal is procedural, not jurisdictional. *Johnson*, 892 F.2d 423; *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981); *Adams v. Aero Services Intern, Inc.*, 657 F. Supp 519 (E.D. Va. 1987). The Court cannot remand a case *sua sponte* for a procedural defect more than thirty days after the notice of removal was filed. *Maniar v. Federal Deposit Insurance Company*, 979 F.2d 782, 784-85 (9th Cir. 1992). Additionally, Plaintiff must file any motion to remand for a procedural defect within thirty days of the notice of removal. *Id.* at 784. Plaintiff did not do so. The Court will not remand this case.

**IT IS ORDERED** that Defendants' motion to or transfer (Doc. 9) is **denied.**

Dated this 9th day of March, 2012.

_____
David G. Campbell
United States District Judge